UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMANDA WILSON, Personal Representative of the Estate of Roy J. Grider, deceased, | ) ) ) | |
| Plaintiff, | ) ) | 4:08-cv-50- SEB-WGH |
| vs. | ) ) ) | |
| RAYMOND C. SANDERS, MILAN EXPRESS COMPANY, INC. and the STATE OF INDIANA DEPARTMENT OF TRANSPORTATION, | ) ) | |
| Defendants. | | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(Docket No. 9)

This wrongful death action arising out of a collision between a motorcycle and a semi tractor- trailer was filed in state court on March 19, 2008. It was removed on April 18, 2008, by Defendants Raymond C. Sanders, a citizen of Illinois, and Milan Express Company, Inc., a Tennessee corporation, on the basis of diversity jurisdiction.

In their Notice of Removal, Defendants Sanders and Milan observe that Plaintiff is an Indiana citizen and co-defendant, Indiana Department of Transportation (INDOT), is an Indiana state agency. While this would normally destroy complete diversity among the parties, Defendants Sanders and Milan argue that it should not deprive this Court of subject matter jurisdiction in this particular case. They assert that Plaintiff fraudulently joined INDOT for the sole purpose of keeping this action in state court. They further assert that due to the doctrine of governmental immunity, Plaintiff has no valid claims against and no reasonable hope of recovering damages from INDOT.

1

Defendants Sanders and Milan's argument is, essentially, that because the Court will surely dismiss the claims against INDOT, the Court should simply ignore the fact that INDOT has been named as a party and find that diversity jurisdiction exists.

Plaintiff has responded by filing a Motion to Remand.  She argues that Defendants Sanders and Milan's assertion that she named INDOT as a defendant solely to keep this case in state court is nothing more than that – an assertion.  She submits that they have presented no facts to the Court to prove their assertion.  Moreover, she argues, whether or not her claims against INDOT are barred by the doctrine of governmental immunity turns on an application of the law to the facts of this case, which are not yet fully developed or before the Court.

Defendants Sanders and Milan Express have not filed a response to Plaintiff's Motion to Remand, and the time for them to do so has expired.  INDOT has not yet filed an appearance in federal court.

The Court, having considered Plaintiff's Motion for Remand and being duly advised in the premises finds that it is meritorious and should be granted.  At this point, diversity jurisdiction does not exist, and the Court is unwilling to speculate as to the ultimate disposition of Plaintiff's claims against INDOT.

Accordingly, this action is remanded to the Jackson Circuit Court.  Pursuant to 28 U.S.C. § 1447(c), Defendants Sanders and Milan Express shall pay Plaintiff's just costs and actual expenses, including attorney fees, incurred as a result of the removal.

In accord with  28 U.S.C. § 1447(c) the Clerk of this Court shall mail a copy of this order to the Clerk of the Jackson Circuit Court.

IT IS SO ORDERED.

Date: 06/30/2008



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas Edward Hastings
THE HASTINGS LAW FIRM
thastings@lawindianapolis.com

Robert B. Thornburg
LOCKE REYNOLDS LLP
rthornburg@locke.com

Jackson Circuit Court
ATTN: Clerk of Court